UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
LAS CRUCES DIVISION

| | |
|---|---|
| **JOHN LYLES,** Individually and on behalf of all others similarly situated, *Plaintiff,* v. **T AND DS LUBE DOCTORS LLC.,** and **LUCAS DOWDY,** *Defendants.* | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** <br><br> **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** <br><br> **CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff—John Lyles—brings this action individually and on behalf of all current and former Oilfield Workers (collectively, "Plaintiff and the Putative Collective/Class Members") who worked for Defendants—T and Ds Lube Doctors LLC ("T&D") and Lucas Dowdy ("Dowdy")—and were paid a day rate but no overtime, at any time from three years preceding the filing of the Original Complaint through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201—19, and the New Mexico Minimum Wage Act ("NMMWA"), N.M. STAT. §§ 50-4-19 to -36.

Plaintiff's FLSA claim is asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. §216(b), while his NMMWA claims are asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This lawsuit includes a collective action pursuant to the FLSA to recover overtime wages and a Federal Rule of Civil Procedure 23(b)(3) class action pursuant to the state law of New Mexico to recover unpaid wages, overtime wages, and other applicable penalties.

2. Plaintiff and the Putative Collective/Class Members are those current and former Oilfield Workers who worked for Defendants, anywhere in the United States, at any time from July 16, 2021, through the final disposition of this matter, and were paid a day rate for each day worked, but did not receive overtime for all hours worked over forty (40) in each workweek.

3. Defendants misclassified Plaintiff and the Putative Collective/Class Members as independent contractors.

4. Plaintiff and the Putative Collective/Class Members routinely work (and worked) in excess of forty (40) hours per workweek.

5. Plaintiff and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. The decision by Defendants not to pay overtime compensation to Plaintiff and the Putative Collective/Class Members was neither reasonable nor in good faith.

7. Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

8. Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or the NMMWA. Specifically, Plaintiff and the Putative Collective/Class Members did not (and currently do not) earn a salary thereby nullifying any "salary-based" exemption.

9. Plaintiff and the Putative Collective/Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid overtime and other damages owed under the NMMWA as a class action pursuant to FED. R. CIV. P. 23.

10. Plaintiff prays that all similarly situated Oilfield Workers (Putative Collective/Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

11. Plaintiff also prays that the Rule 23/New Mexico Class is certified as defined herein, and that Plaintiff Lyles be designated as the Class Representative.

## II.
## THE PARTIES

12. Plaintiff John Lyles worked for Defendants within the relevant time period. Plaintiff Lyles did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

13. The Putative Collective Members include those current and former Oilfield Workers who worked for Defendants, anywhere in the United States, at any time since July 16, 2021, and have been subjected to the same illegal pay system under which Plaintiff Lyles worked and was paid.

14. The New Mexico Class Members include those current and former Oilfield Workers who worked for Defendants in the State of New Mexico, at any time from July 16, 2021, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Lyles worked and was paid.

---

[1] The written consent of John Lyles is attached hereto as Exhibit A.

15. T and Ds Lube Doctors LLC is a domestic limited liability company, licensed to and doing business in New Mexico, and may be served through its registered agent for service of process: **Lucas Dowdy, 1508 Verdel Ave, Carlsbad, New Mexico 88220.**

16. Lucas Dowdy is the managing member of Defendant T&D and an employer under the FLSA. Defendant Dowdy may be served with process at: **1508 Verdel Ave, Carlsbad, New Mexico 88220, or wherever he may be found.**

17. Defendants are joint employers under the FLSA. They have (or had) common ownership, oversight and control over Plaintiff and the Putative Collective/Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

18. This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201—19.

19. This Court has supplemental jurisdiction over the additional New Mexico state law claims under 29 U.S.C. § 1367.

20. This Court has general and specific personal jurisdiction over Defendants because New Mexico qualifies as T&D's home state, Dowdy is a citizen of New Mexico, and because Plaintiff's claim arose in this District as a result of Defendants' conduct within this District and Division.

21. Venue is proper pursuant to 28 U.S.C. § 1391 in the District of New Mexico because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

22. Specifically, Defendants' headquarters is located in Carlsbad, New Mexico, and Plaintiff Lyles worked in Carlsbad, New Mexico throughout his employment with Defendants, all of which is located in this District and Division.

## IV.
## ADDITIONAL FACTS

23. Defendant T&D is an oilfield services company operating throughout New Mexico and West Texas.

24. Defendant Dowdy is the owner and managing member of T&D.

**Defendants are Joint Employers**

25. Defendants are joint employers under the FLSA.

26. Defendants directly hired Plaintiff and the Putative Collective/Class Members.

27. Defendants controlled Plaintiff and the Putative Collective/Class Members' work schedules and conditions of employment.

28. Specifically, Dowdy set the weekly work schedules for all of T&D's employees—including the Plaintiff and the Putative Collective/Class Members.

29. Dowdy also defined the primary work duties for all of T&D's employees—including the Plaintiff and the Putative Collective/Class Members.

30. Defendant Dowdy set the job duties for T&D employees.

31. Defendant Dowdy has the power to alter T&D employees' job duties.

32. Defendants determined the Plaintiff and the Putative Collective/Class Members' rate and method of payment of wages.

33. Specifically, Dowdy determined that T&D would pay the Plaintiff and the Putative Collective/Class Members a day rate and no overtime.

34. Defendants maintained control, oversight, and direction over Plaintiff and Putative Collective/Class Members including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

35. Moreover, Dowdy created Defendants' illegal pay practice, that is he chose to misclassify the Plaintiff and Putative Collective/Class Members as independent contractors.

36. Defendants mutually benefitted from the work performed by Plaintiff and Putative Collective/Class Members.

37. Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff and Putative Collective/Class Members. Defendants shared the services of Plaintiff and Putative Collective/Class Members.

38. Defendants acted directly in the interest of each other in relation to Plaintiff and Putative Collective/Class Members.

39. Specifically, Defendants dictated the practice goals and what pressing or tactical items needed to be done in order to meet the goals of their clients.

40. Both Defendants had the power to hire and fire Plaintiff and Putative Collective/Class Members.

41. Defendant Dowdy hired at least one T&D employee.

42. Defendant Dowdy fired at least one T&D employee.

43. Defendants maintained Plaintiff and Putative Collective/Class Members' employment records.

44. Defendant Dowdy has access to the employee payroll records maintained by T&D.

45. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA and New Mexico state law, including the overtime provisions.

**Plaintiff and the Putative Collective/Class Members are Non-Exempt Laborers**

46. To provide their services, Defendants employed numerous Oilfield Workers who were paid a day rate only and no overtime—including Plaintiff and the individuals that make up the putative or potential class.

47. While exact job titles may differ, these workers were subjected to the same or similar illegal pay practices for similar work in the oilfield.

48. Plaintiff Lyles worked for Defendants as a Pumper in New Mexico from approximately June 2023 until March 2024.

49. Defendants paid Plaintiff and the Putative Collective/Class Members a day rate for each day worked. That is, Plaintiff and the Putative Collective/Class Members did not get paid if they did not work.

50. Although it is well-known that blue-collar oilfield workers like Plaintiff and the Putative Collective/Class Members are not exempt from overtime, Defendants did not pay Plaintiff and the Putative Collective/Class Members the additional overtime premium required by the FLSA and the NMMWA for hours worked in excess of forty (40) in a workweek.

51. Plaintiff and the Putative Collective/Class Members' primary job duties included general frac, flowback, and drill-out support for Defendants' clients' well sites.

52. Plaintiff and the Putative Collective/Class Members conducted their day-to-day activities within mandatory and designed parameters and in accordance with pre-determined operational plans created by Defendants.

53. Specifically, Defendants provided Plaintiff and the Putative Collective/Class Members with a company procedures book to follow when conducting their work.

54. Plaintiff and the Putative Collective/Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Defendants.

55. Virtually every job function was pre-determined by Defendants, including Plaintiff and the Putative Collective/Class Members' schedule of work and related work duties.

56. Plaintiff and the Putative Collective/Class Members were prohibited from varying their job duties outside of the predetermined parameters.

57. Moreover, Plaintiff and the Putative Collective/Class Members' job functions were primarily routine in nature requiring no college education or other advanced degree.

58. Indeed, Plaintiff and the Putative Collective/Class Members are blue-collar workers.

59. Plaintiff and the Putative Collective/Class Members rely on their hands, physical skills, and energy to perform manual and routine labor in the oilfield.

60. Defendants set Plaintiff and the Putative Collective/Class Members' pay and controlled the number of days (and hours) they worked.

61. Defendants set all employment-related policies applicable to Plaintiff and the Putative Collective/Class Members.

62. Defendants maintained control over pricing and marketing.

63. Defendants also chose equipment and product suppliers.

64. Defendants owned or controlled the equipment and supplies that Plaintiff and the Putative Collective/Class Members used to perform their work.

65. Specifically, Defendants provided Plaintiff Lyles a company vehicle to use.

66. Defendants provided Plaintiff Lyles tools to use on the job.

67. Defendants provided Plaintiff Lyles a T&D uniform.

68. Defendants had the power to hire and fire Plaintiff and the Putative Collective/Class Members.

69. Specifically, Defendants fired Plaintiff Lyles for failing to abide by the T&D employee guidelines.

70. Defendants terminated Plaintiff Lyles for leaving the job site without prior approval.

71. Defendants made all personnel and payroll decisions with respect to Plaintiff and the Putative Collective/Class Members, including but not limited to, the decision to pay Plaintiff and the Putative Collective/Class Members a day rate with no overtime pay.

72. Defendants reimbursed Plaintiff and the Putative Collective/Class Members for expenses and bought or provided tools and equipment that Plaintiff and the Putative Collective/Class Members used.

73. Plaintiff and the Putative Collective/Class Members did not employ their own workers.

74. Plaintiff and the Putative Collective/Class Members worked continuously for Defendants on a permanent full-time basis.

75. Defendants, instead of Plaintiff and the Putative Collective/Class Members, made the large capital investments in vehicles, buildings, equipment, tools, and supplies.

76. Moreover, Defendants paid operating expenses like rent, payroll, marketing, insurance, and bills.

77. Plaintiff and the Putative Collective/Class Members relied on Defendants for their work.

78. Plaintiff and the Putative Collective/Class Members did not market any business or services of their own.

79. Instead, Plaintiff and the Putative Collective/Class Members worked the hours assigned by Defendants, performed duties assigned by Defendants, worked on projects assigned by Defendants, and worked for the benefit of Defendants and their customers.

80. Defendants paid Plaintiff and the Putative Collective/Class Members on a weekly basis.

81. Plaintiff and the Putative Collective/Class Members did not earn a profit based on any business investment of their own.

82. Rather, Plaintiff and the Putative Collective/Class Members' only earning opportunity was based on the number of days they were allowed to work, which was controlled by Defendants and/or their customers.

83. Defendants improperly classified Plaintiff and the Putative Collective/Class Members as independent contractors.

84. The classification was improper because Plaintiff and the Putative Collective/Class Members were not in business for themselves.

85. Instead, they were economically dependent upon Defendants for their work.

86. The FLSA and the NMMWA mandate that overtime be paid at one and one-half times an employee's regular rate of pay.

87. Defendants denied Plaintiff and the Putative Collective/Class Members overtime pay as a result of a company-wide, illegal pay practice.

88. Plaintiff and the Putative Collective/Class Members regularly worked approximately sixty (60) to eighty-four (84) hours per week but never received overtime compensation.

89. Defendants applied this pay practice despite clear and controlling law that states that the Plaintiff and the Putative Collective/Class Members were Defendants' ***non-exempt*** employees, not independent contractors.

90. Accordingly, Defendants' pay policies and practices blatantly violated (and continue to violate) the FLSA and the NMMWA.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.   FLSA COVERAGE**

91.   All previous paragraphs are incorporated as though fully set forth herein.

92.   The "FLSA Collective" and "FLSA Collective Members" are defined as:

**ALL OILFIELD WORKERS WHO WORKED FOR T AND DS LUBE DOCTORS LLC AND/OR LUCAS DOWDY, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JULY 16, 2021, THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE PAID A DAY RATE BUT DID NOT RECEIVE OVERTIME.**

93.   At all material times, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

94.   At all material times, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

95.   At all material times, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had, and have, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

96.   During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce for purposes of the FLSA.

97. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

98. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees who worked for Defendants and were engaged in oilfield services that were directly essential to the production of goods for Defendants and related oil and gas exploration and production companies. 29 U.S.C. § 203(j).

99. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

100. In violating the FLSA, Defendants acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

101. The proposed collective of similarly situated employees—that is, putative collective members—sought to be certified pursuant to 29 U.S.C. § 216(b) is defined in Paragraph 92.

102. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

103. All previous paragraphs are incorporated as though fully set forth herein.

104. Defendants violated provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

105. Plaintiff and the FLSA Collective Members have suffered damages and continue to

suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

106. Moreover, Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

107. Defendants knew or should have known their pay practices were in violation of the FLSA.

108. Defendants are sophisticated parties and employers, and therefore knew (or should have known) their policies were in violation of the FLSA.

109. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Defendants to pay overtime in accordance with the law.

110. The decision and practice by Defendants to not pay overtime was neither reasonable nor in good faith.

111. Accordingly, Plaintiff and the Putative Collective Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### C.  FLSA COLLECTIVE ACTION ALLEGATIONS

112. All previous paragraphs are incorporated as though fully set forth herein.

113. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff Lyles.

114. Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

115. The FLSA Collective Members are defined in Paragraph 92.

116. Defendants' failure to pay any overtime compensation results from generally applicable policies and practices and does not depend on the personal circumstances of the individual FLSA Collective Members.

117. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

118. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

119. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

120. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

121. Indeed, the FLSA Collective Members are blue-collar oilfield workers entitled to overtime after forty (40) hours in a week.

122. Defendants have employed a substantial number of similarly situated Oilfield Workers across the United States since July 16, 2021.

123. These workers are geographically dispersed, residing and working in locations across the United States.

124. Because these workers do not have fixed work locations, they may work in different states across the country in the course of a given year.

125. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of their rampant violations.

126. Moreover, individual litigation would be unduly burdensome to the judicial system.

127. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

128. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 92 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of the NMMWA)

**A.    NMMWA COVERAGE**

129. All previous paragraphs are incorporated as though fully set forth herein.

130. The "New Mexico Class" and "New Mexico Class Members" are defined as:

**ALL OILFIELD WORKERS WHO WORKED FOR T AND DS LUBE DOCTORS LLC AND/OR LUCAS DOWDY, IN THE STATE OF NEW MEXICO, AT ANY TIME FROM JULY 16, 2021, THROUGH THE FINAL DISPOSITION OF THIS MATTER.**

131. At all material times, Defendants have been employers within the meaning of the NMMWA.

132. At all material times, Plaintiff Lyles and the New Mexico Class Members have been employees within the meaning of the NMMWA.

**B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE NMMWA**

133. All previous paragraphs are incorporated as though fully set forth herein.

134. The NMMWA requires that employees receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week.

135. Plaintiff Lyles and other New Mexico Class Members have not been exempt from receiving overtime benefits under the NMMWA.

136. Plaintiff Lyles and other New Mexico Class Members worked more than forty (40) hours in workweeks during times relevant to this complaint, however, Defendants violated the

NMMWA by failing to pay Plaintiff Lyles and other class members any overtime premium for hours worked over forty (40) per week.

137. Plaintiff Lyles and the New Mexico Class Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiff Lyles and the NMMWA Class Members would be able to precisely calculate damages.

138. In violating the NMMWA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable New Mexico law.

139. The proposed class of employees—that is, putative class members sought to be certified—pursuant to the NMMWA is defined in Paragraph 130.

140. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

**C.    NMMWA CLASS ALLEGATIONS**

141. Plaintiff Lyles brings his NMMWA claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Defendants to work in New Mexico since July 16, 2021.

142. Class action treatment of Plaintiff Lyles's NMMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

143. The number of New Mexico Class Members is so numerous that joinder of all class members is impracticable.

144. Plaintiff Lyle's New Mexico state-law claims share common questions of law and fact with the claims of the New Mexico Class Members.

145. Plaintiff Lyles is a member of the New Mexico Class, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

146. Plaintiff Lyles and his counsel will fairly and adequately represent the class members and their interests.

147. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

148. Accordingly, the New Mexico Class should be certified as in Paragraph 130.

## VI.
## RELIEF SOUGHT

149. Plaintiff respectfully prays for judgment against Defendants as follows:

    a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 92 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

    b. For an Order certifying the NMMWA Class as defined in Paragraph 130, and designating Plaintiff Lyles as Representative of the NMMWA Class;

    c. For an Order approving the form and content of a notice to be sent to all potential FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    d. For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

    e. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

    f. For an Order pursuant to the NMMWA awarding Plaintiff and the New Mexico Class Members unpaid overtime and other damages allowed by law;

    g. For an Order awarding the costs and expenses of this action;

    h. For an Order awarding attorneys' fees;

    i. For an Order awarding pre-judgment and post-judgment interest at the maximum legal rate;

    j. For an Order awarding the Plaintiff a service award as permitted by law;

    k. For an Order compelling the accounting of the books and records of Defendants, at Defendants' own expense, should discovery prove inadequate; and

    l. For an Order granting all other proper relief.

Date: July 16, 2024        Respectfully submitted,

              **ANDERSON ALEXANDER, PLLC**

          By: /s/ *Clif Alexander*
              **Clif Alexander**
              Texas Bar No. 24064805
              clif@a2xlaw.com
              **Austin W. Anderson**
              Texas Bar No. 24045189
              austin@a2xlaw.com
              **Carter T. Hastings**
              Texas Bar No. 24101879
              carter@a2xlaw.com
              101 N. Shoreline Blvd, Suite 610
              Corpus Christi, Texas 78401

                    Telephone: (361) 452-1279
                    Facsimile: (361) 452-1284

***Counsel for Plaintiff and the Putative Collective/Class Members***